J-S18020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VERNELL HOLLAND NICKENS, IV | : | |
| | : | |
| Appellant | : | No. 1397 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000624-2018

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                         **FILED JULY 27, 2020**

Appellant, Vernell Holland Nickens, IV, appeals from the judgment of sentence entered in the Lebanon County Court of Common Pleas, following his jury trial convictions for three counts of aggravated assault, two counts of simple assault, and one count each of recklessly endangering another person ("REAP") and endangering the welfare of children ("EWOC").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and A.G. ("Mother") are the married parents of M.N. ("Child").  On January 13, 2018, Mother went to work and left Appellant at home to care for Child and Child's older sister.  At the time, Child was five months old.  The

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(8), (9); 2701(a)(1); 2705; and 4304(a)(1), respectively.

following day, January 14, 2018, Mother noticed that Child was not eating or acting normally. On January 15, 2018, Mother and Appellant took Child to the emergency room. Doctors determined that Child had suffered subdural and retinal hemorrhages. Doctors also observed a bruise on Child's leg that was uncommon for a non-mobile five-month-old. Appellant later told state police that Child was crying on the night in question, and Appellant pulled Child "hard out of bed." (**See** N.T. Trial, 2/26/19, at 46). Text messages between Mother and Appellant also revealed that Appellant was drinking alcohol and smoking marijuana that night. (**Id.** at 50).

On May 1, 2018, the Commonwealth charged Appellant with multiple offenses related to Child's injuries. Following trial, a jury convicted Appellant on February 26, 2019, of three counts of aggravated assault, two counts of simple assault, and one count each of EWOC and REAP. The court sentenced Appellant on March 13, 2019, to an aggregate eight (8) to sixteen (16) years' imprisonment. The next day, Appellant timely filed post-sentence motions challenging the weight and sufficiency of the evidence. The court denied Appellant's post-sentence motions on July 17, 2019. Appellant filed a notice of appeal on August 15, 2019.[2] The court did not order, and Appellant did not

---

[2] The 120-day period for a decision on Appellant's post-sentence motion expired on July 12, 2019. Nevertheless, the clerk of courts failed to enter an order deeming the motion denied on that date. **See** Pa.R.Crim.P. 720(B)(3)(a) (stating judge shall decide post-sentence motion within 120 days; if judge fails to decide motion within 120 days, or to grant extension,

file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that Appellant was responsible for the injuries to the victim?

Were the verdicts of guilty against the weight of the evidence in that the Commonwealth failed to prove that Appellant was responsible for the injuries to the victim?

(Appellant's Brief at 4).

In his issues combined, Appellant argues the Commonwealth failed to present sufficient evidence at trial to prove Appellant caused Child's injuries. Appellant avers the Commonwealth did not present any testimony that Appellant admitted to causing Child's injuries. Appellant asserts the testimony at trial instead revealed that Mother was Child's primary caretaker and was usually home alone with Child during the day while Appellant was at work. Appellant further avers the jury verdicts were against the weight of the

_____

motion shall be deemed denied by operation of law); Pa.R.Crim.P. 720(B)(3)(c) (stating when post-sentence motion is denied by operation of law, clerk of courts shall enter order on behalf of court that post-sentence motion is deemed denied). Instead, the trial court ruled on the motion on July 17, 2019, outside the 120-day period, and Appellant appealed within 30 days of that order. Under these circumstances, a breakdown in the operations of the court occurred, and we will consider Appellant's appeal as timely filed. *See Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008) (explaining that this Court has held breakdown in court operations occurs when trial court clerk fails to enter order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c)).

evidence. Appellant contends Mother's trial testimony revealed that Mother was alone with Child on most days, Mother suffered from postpartum depression, and Mother was frustrated that Appellant chose to nap rather than help her take care of the children. Appellant concludes this Court should vacate his convictions and/or remand for a new trial. We disagree.

Appellate review of a claim challenging the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder
> of fact who is free to believe all, part, or none of the

> evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

The Pennsylvania Crimes Code defines aggravated assault in relevant part as follows:

**§ 2702. Aggravated Assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

* * *

(8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

18 Pa.C.S.A. § 2702(a)(8), (9). The Crimes Code defines simple assault in relevant part as follows:

**§ 2701. Simple Assault**

**(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

\* \* \*

18 Pa.C.S.A § 2701(a)(1). Section 2705 of the Crimes Code provides:

**§ 2705. Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

As it pertains to these sections, "bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." ***Id.***

The Crimes Code defines the crime of EWOC in relevant part as follows:

**§ 4304. Endangering welfare of children**

**(a) Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

18 Pa.C.S.A. § 4304(a)(1). The Commonwealth must prove the following to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. **Commonwealth v. Bryant**, 57 A.3d 191, 197 (Pa.Super. 2012).

Instantly, in its opinion denying Appellant's post-sentence motions challenging the sufficiency and weight of the evidence, the trial court reasoned:

> Viewed in the light most favorable to the Commonwealth, the evidence presented in this case established the following:
>
> - [Child] was a five-month-old infant who was incapable of injuring or caring for himself.
>
> - Prior to January 13, [Child] was a normal five-month[-]old infant. Nothing medically significant was reported about [Child] prior to January 13.
>
> - After January 13, [Child] did not act in a normal fashion. He did not eat or respond in a normal fashion. [Child]'s condition so concerned [Mother] that a trip to the hospital was undertaken on January 15.
>
> - On January 13, [Child] was placed within the sole and exclusive care of [Appellant].
>
> - Neither [Appellant] nor [Mother] identified any other adults who could have inflicted harm upon [Child] during the period between January 13, 2018 and January 15, 2018.

- [Child] suffered bruises that could not have been self-inflicted due to his non-mobile state.

- [Child] suffered bleeding on both sides of his brain. This is a serious life-threatening condition.

- [Child] also suffered hemorrhaging behind his eyes.

- A qualified medical expert opined none of [Child]'s injuries were of natural or self-inflicted origin.

- [Appellant] and [Mother] were interviewed on multiple occasions by multiple individuals. At no time did either [Appellant] or [Mother] provide a legitimate explanation for the injuries suffered by [Child].

- A qualified medical expert opined that [Child]'s injuries were inflicted by another human being and that no possible accidental explanation existed for the nature and extent of [Child]'s injuries.

In addition to the circumstantial evidence outlined above, there is direct evidence in the form of [Appellant's] own admission that he grabbed [Child] roughly while "frustrated and flustered." This direct evidence further supports the jury's verdicts.

\* \* \*

In the opinion of this [c]ourt, there is more than sufficient circumstantial evidence to support all of the jury's verdicts. The circumstantial evidence is supplemented by additional direct evidence in the form of partial admissions by [Appellant]. Accordingly, this [c]ourt rejects [Appellant's] challenge to the sufficiency of the evidence presented. Moreover, nothing about the weight of the above evidence shocks the conscience of this [c]ourt. Accordingly, [Appellant's] appeal based upon weight and sufficiency of evidence should be rejected.

(Trial Court Opinion, filed July 17, 2019, at 9-11). The record supports the

trial court's analysis.

Here, Mother left Child with Appellant while she went to work on January 13, 2018. On January 14, 2018, Mother noticed Child was not eating or acting normally. On January 15, 2018, Mother and Appellant took Child to the emergency room, where doctors determined Child had suffered subdural and retinal hemorrhages. Doctors also observed a bruise on Child's leg. Child's doctor testified that these injuries were uncommon for a non-mobile five-month-old child and were likely inflicted by another person. (**See** N.T. at 63-83). Additionally, testimony revealed that Appellant told police that Child was crying on the night in question, and Appellant pulled Child "hard out of bed." (**Id.** at 46). Thus, viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Appellant caused the injuries to Child and was guilty of the offenses. **See Jones, supra**. Likewise, we will not disturb the trial court's decision regarding Appellant's weight of the evidence challenge. **See Champney, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2020

- 9 -